This timely appeal comes for consideration upon the record in the trial court and the parties' briefs. Appellant, Dwayne Harrison (hereinafter "Harrison"), appeals the trial court's decision designating him a sexual predator. For the following reasons we affirm the decision of the trial court.
On February 15, 1995, Harrison pled guilty to one count of rape and was sentenced to between ten and twenty-five years incarceration. Upon the motion of the prosecutor, the trial court held a hearing on June 4, 1999, to determine whether Harrison was a sexual predator. The trial court determined he was a sexual predator and Harrison appeals from that determination.
Harrison assigns three errors on appeal arguing,: 1) R.C. 2950.09(B)(1) is an unconstitutional ex post facto law; 2) there was not clear and convincing evidence to support a finding that Harrison was likely to engage in a future sexual offense; and, 3) application of H.B. 180 to Harrison violated his due process rights. For the following reasons, these assignments of error are meritless and the decision of the trial court affirmed.
The Ohio Supreme Court has already addressed the issues raised in Harrison's first assignment of error challenging the constitutionality of O.R.C. 2950.09(B)(1) in State v. Cook (1998), 83 Ohio St.3d 404, certiorari denied (1999), 525 U.S. 1182, 199 S.Ct. 1122, specifically holding O.R.C. 2950 is not an ex post facto law. The court found "[t]here is no absolute test to determine whether a retroactive statute is so punitive as to violate the constitutional prohibition against ex postfacto laws; such a determination is a `matter of degree.'" (Emphasis in original) Id. at 418. "[T]he registration and notification provisions of O.R.C. Chapter 2950 do not violate the Ex Post Facto Clause because its provisions serve the remedial purpose of protecting the public." (Emphasis in original) Id. at 423. In light of Cook, Harrison's first assignment of error is meritless.
Harrison's second assignment of error attacks the evidence before the trial court, arguing it does not support the finding he is a sexual predator. A sexual predator is defined as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). A trial court may determine an offender is a sexual predator when, after reviewing all testimony and evidence presented at the hearing and taking into account the relevant factors listed in R.C. 2950.09(B)(2), it finds by clear and convincing evidence the offender is a sexual predator. R.C. 2950.09(B)(3). Clear and convincing evidence is the evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v. Massengale (1991),58 Ohio St.3d 121, 122. While clear and convincing evidence is more than a preponderance of the evidence, it does not rise to the level of evidence beyond a reasonable doubt. State v. Ingram (1992),82 Ohio App.3d 341, 346.
This Court recently addressed the standard of review to be applied to a sexual predator determination which is challenged as being against the manifest weight of the evidence in State v. Geiger (September 13, 2001), Mahoning App. No. 00 JE 6, unreported, wherein we held a sexual predator determination will be affirmed if it is supported by some competent credible evidence. Geiger at p. 4-5. This conclusion rests upon the proposition that sexual predator classification proceedings are civil in nature, State v. Cook (1998), 83 Ohio St.3d 404, and the statute imposes a clear and convincing burden of proof upon the prosecution. R.C.2950.09(B). We are bound by this deferential standard of review even though the state must prove its case by clear and convincing evidence.Geiger, supra.
In order to consider whether Harrison's classification as a sexual predator is against the manifest weight of the evidence, we must review the entire record of the proceedings in the trial court. In this case, Harrison has not provided us with a transcript in violation of App.R. 9., which provides an appellant shall do so when it is necessary to facilitate appellate review.
 "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199.
Any lack of diligence on the part of an appellant to secure that portion of the record necessary to consider his appeal should inure to his disadvantage rather than to the disadvantage of the appellee. RoseChevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 19. Absent a transcript of hearing or other App.R. 9(C) or (D) alternative submitted by Harrison, this court must assume the regularity of lower court proceedings. State v. Dillon (Mar. 8, 1999), Belmont App. No. 96-BA-17, unreported, 5.
With the record before us it is impossible to determine whether Harrison preserved these issues for appeal by addressing them in the trial court, let alone rule on the substance of many of these issues. There is simply no way for this court to review his claims. We cannot find a manifest miscarriage of justice because we must assume the regularity of lower court proceedings. Harrison's second assignment of error is meritless.
Harrison's final assignment of error argues he was not advised of one of the possible consequences of his guilty plea would be a lifelong requirement that he register his whereabouts with law enforcement officials who are obligated to notify his neighbors and others that he is a "sexual predator", and the later determination he is a sexual predator violated his due process. This issue was raised in State v. Ward (1999),130 Ohio App.3d 551, 574-5. The court begins by noting the purpose of Crim.R. 11 is to ensure compliance with the United States Constitution's Due Process Clause. Id.
 "To that end, Crim.R. 11(C)(2) states that before accepting a guilty plea, the trial court must inform the offender that by pleading guilty, the offender is waiving certain rights. Compliance with Crim.R. 11 need not always be strict — in some circumstances, a plea will be considered knowing and voluntary as long as the court substantially complies with Crim.R. 11. * * * The `consequences' which the court is required to outline for an offender in a Crim.R. 11 colloquy are those that have a `definite, immediate and automatic effect on the sentence.' See State v. Moore (Aug. 27, 1998), Cuyahoga App. No. 73899, unreported. * * * Crim.R. 11 only requires the court to advise an offender of certainties, not probabilities. * * * Because the consequences in this case were collateral, we hold that the court had no duty pursuant to Crim.R. 11 to inform defendant of possible registration and notice requirements, and defendant's guilty plea cannot be said to be involuntary." Id.
 Ward's reasoning is followed in seven of our sister appellate districts, while no Ohio case has disagreed with Ward. We find the reasoning in Ward to be persuasive. A sexual predator determination is collateral to a conviction of a sexual offense and, therefore, it is not necessary under Crim.R. 11 and due process to inform an offender they could later be classified a sexual predator. Harrison's third assignment of error is meritless.
For the foregoing reasons, having found each of Harrison's assignments of error to be meritless, we affirm the decision of the trial court.
VUKOVICH, P.J. and DONOFRIO, J., Concurs.